IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ITSERVE ALLIANCE, INC.,<br>8951 Cypress Waters Blvd,<br>Suite 160,<br>Dallas, TX, 75019<br><br>*Plaintiff,*<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF<br>HOMELAND SECURITY,<br>2707 Martin Luther King Jr Ave, SE<br>Washington, DC 20528-0525<br><br>*Defendant.* | Case No.: 1:25-cv-3527<br><br>**COMPLAINT** |

## INTRODUCTION

Plaintiff ITServe Alliance, Inc. ("ITServe") submitted Freedom of Information Act ("FOIA") requests to Defendant Department of Homeland Security ("DHS") and its subagencies United Citizenship and Immigration Service ("USCIS") and Customs and Border Protection ("CBP") on June 20, 2025. The requests sought information related to: fees collected by USCIS and their allocation to various functions; and data related to President Trumps announcement creating a $1,000 bonus paid to those individuals who "self deport." Defendant has failed to make a determination on the FOIA request and failed to disclose the requested documents within the time prescribed by FOIA. Therefore, Plaintiff now files this action for injunctive and other appropriate relief under the Freedom of Information Act, 5 U.S.C. § 552.

1

## PARTIES

1.      Plaintiff ITServe Alliance, Inc., ("ITServe"), submitted FOIA requests on June 20, 2025, through counsel. ITServe is a nonprofit corporation formed under the laws of the State of Texas, headquartered in Irving, Texas, compliant with Section 501(c)(6) of the Internal Revenue Code. ITServe represents the interest of member companies who operate in the information technology ("IT") sector of the economy.

2.      Defendant Department of Homeland Security ("DHS") is an agency of the United States under 5 U.S.C. § 552(f)(1). It is the parent agency of USCIS and CBP, both of which subagencies have the requested records under their control. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 5 U.S.C. §§ 552(a)(4)(B), (6)(C)(i) and 28 U.S.C. § 1331.

4.      Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B).

## STATEMENT OF FACTS

5.      On June 20, 2025, Plaintiff, through counsel, filed two FOIA requests which were given the following receipt numbers: COW2025003734, and CBP-FO-2025-148679. *See* Exhibits 1 and 2.

6.      In an email sent by DHS-USCIS two months after the request had been filed and dated August 20, 2025, DHS indicated that COW2025003734 would require additional processing time.

7. In regard to CBP-FO-2025-148679, a different email sent by DHS-CBP ON June 24, 2025, at 2:29 PM stated the documents were not under the purview of DHS-CBP, and the request was transferred to different component of DHS.

8. At 6:56 PM on June 24, 2025, DHS stated that the request had been redelegated back to DHS-CBP and an answer would be forthcoming.

9. Under FOIA, an agency is required to make an initial "determination" with regard to a request within twenty business days of its receipt. *See* 5 U.S.C. § 552(a)(6)(A)(i).

10. If there are "unusual circumstances," as defined by statute, an agency may extend the time to make its determination by no more than ten working days. *See* 5 U.S.C. § 552(a)(6)(B)(i).

11. Under FOIA, a person making a request is deemed to have exhausted his administrative remedies if the agency fails to comply with the applicable time limit provisions set forth in the statute. *See* 5 U.S.C. § 552(a)(6)(C)(i).

12. To date, neither DHS nor its subagencies have produced any responsive agency records to Plaintiff and the statutory period for an agency response has expired. DHS similarly has failed to communicate the scope of the documents it intends to produce and its reasons for withholding any documents.

## CAUSES OF ACTION

### COUNT ONE

**Violation of the Freedom of Information Act, 5 U.S.C. § 552 for
Failure to Respond Within the Time Required**

13. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

3

14. Under the FOIA, Defendants were required to respond to both Plaintiff's FOIA requests and to notify Plaintiff of the agency's determination within thirty working days after receiving the request. 5 U.S.C. § 552(a)(6)(A), (6)(B).

15. Defendants' failure to make the requisite determination and to communicate it to the Plaintiff within the time allowed by the statute violates the FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

## COUNT TWO

### Violation of the Freedom of Information Act, 5 U.S.C. § 552 for Failure to Conduct an Adequate Search

16. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

17. Defendants have violated their obligation under the FOIA by failing to make a reasonable effort to search for records responsive to both Plaintiff's request. 5 U.S.C. § 552(a)(3)(C).

## COUNT THREE

### Violation of the Freedom of Information Act, 5 U.S.C. § 552; Wrongful Withholding of Records

18. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

19. Defendant is wrongly withholding agency records by failing to produce non-exempt records responsive to both Plaintiff's FOIA request and by failing to segregate and produce non-exempt records responsive to Plaintiff's FOIA requests.

20. Defendant is obligated under 5 U.S.C. § 552(a)(3)(A) to promptly produce records responsive to the Plaintiff's FOIA requests.

21. Plaintiff has a legal right to obtain such records, and no legal basis exists for Defendants' failure to disclose them.

22.     Defendant's failure to disclose all responsive records violates its statutory obligations to make requested records promptly available to the public.  5 U.S.C. § 552(a).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court:

1. Assume jurisdiction in this matter and maintain jurisdiction until Defendant complies with FOIA and every order of this Court;
2. Declare that Defendant's failure to make a timely determination with regard to both Plaintiff's requests (COW2025003734 and CBP-FO-2025-148679) violates FOIA, 5 U.S.C. §§ 552(a)(6)(A)(i) and (B);
3. Order Defendant to expeditiously conduct an adequate search for all records responsive to both Plaintiff's FOIA Requests in accordance with 5 U.S.C. § 552(a)(3)(C);
4. Declare that Defendant's failure to promptly disclose the records responsive to both Plaintiff's Request violates FOIA, 5 U.S.C. § 552(a)(3)(A);
5. Order Defendant to expeditiously disclose all responsive, non-exempt records and enjoin Defendant from improperly withholding records requested by COW2025003734;
6. Order Defendant to expeditiously disclose all responsive, non-exempt records and enjoin Defendant from improperly withholding records requested by CBP-FO-2025-148679;
7. Award Plaintiff its attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and
8. Grant such other relief as the Court may deem just, equitable, and appropriate.

Dated: October 1, 2025,                                       Respectfully submitted,

*/s/Jonathan D. Wasden*
JONATHAN D. WASDEN
DDC MS0011
Wasden Law
2593 W Torana Dr
Meridian, ID 83646
Phone: (843)872-4978
Email: jon@wasden.law

Attorney for the Plaintiff